IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BEVERLY NORBERG,

        Plaintiff,

    v.

WEST ASSET MANAGEMENT, INC.,

        Defendant.

2:09-cv-03421-GEB-DAD

<u>ORDER RE: SETTLEMENT AND DISPOSITION</u>

On February 24, 2010, the parties filed a Notice of Settlement in which they state "this case has . . . settled" and they "anticipate filing a stipulation of dismissal of this action . . . with prejudice within thirty days." Therefore, a dispositional document shall be filed no later than March 26, 2010. Failure to respond by this deadline may be construed as consent to dismissal of this action without prejudice, and a dismissal order could be filed. <u>See</u> L.R. 160(b) ("A failure to file dispositional papers on the date prescribed by the Court may be grounds for sanctions.").

The status conference scheduled for April 12, 2010 is continued to commence at 9:00 a.m. on April 26, 2010, in the event

1

that no dispositional document is filed, or if this action is not otherwise dismissed. Further, a joint status report shall be filed fourteen days prior to the status conference.[1]

IT IS SO ORDERED.

Dated: February 25, 2010

*/s/ Garland E. Burrell, Jr.*
GARLAND E. BURRELL, JR.
United States District Judge

---

[1] The status conference will remain on calendar, because the mere representation that a case has been settled does not justify discontinuance of calendering a scheduling proceeding. Cf. Callie v. Near, 829 F.2d 888, 890 (9th Cir. 1987) (indicating that a representation that claims have been settled does not necessarily establish the existence of a binding settlement agreement).